UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD F. MAZUR,

        Plaintiff,

v.                                    Case No. 05-10109-BC
                                    Hon. David M. Lawson

ROI W. YOUNG and DYAN YOUNG,
jointly and severally,

        Defendants.
_____/

## ORDER DENYING MOTION TO REMAND

This matter is before the Court on the plaintiff's motion to remand dated May 9, 2005. The case was removed by the defendants from the Gratiot County, Michigan, Circuit Court on April 14, 2005. The defendants invoke this Court's diversity jurisdiction. The plaintiff argues in the motion to remand that the matter is ancillary to a state court matter that was resolved by consent judgment and does not involve diverse parties because the claims are *in rem* in nature. The defendants filed a response arguing that the claims relate to a personal loan guaranty. The Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the motion papers and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motions be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

The plaintiff alleges that he sold five lots of land to Equitable Benefit Insurance Services, Inc. based on the guaranty of the defendants on December 15, 1993. Equitable Benefit Insurance allegedly defaulted. The plaintiff took possession of the land and sold it at a price insufficient to satisfy the mortgage. October 19, 2004, the plaintiff filed a one count complaint alleging damages

amounting to $298,185.41 based on the defendants' promise to pay "all damages that may occur by reason of any such default" by Equitable Benefit Insurance Services, Inc.  Compl. Ex. B, Guaranty of Land Contract ¶ B.

A federal district court has original "diversity" jurisdiction if the action involves citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest.  28 U.S.C. § 1332(a).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand."  *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996).  *See also, Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).  "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed."  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  Moreover, "[t]o be removable, an action must be 'independant' not supplementary of incidental to another action.  It must be practically severable, so as not to do 'practical violence'.  It must not be a mere mode of execution or of relief, inseparable connected with the original judgment or decree."  *International Organization of Masters, Mates, and Pilots of America, Local No. 2 v. Int'l Organization Master Mates and Pilots of America, Inc.*, 342  F. Supp. 212, 214 (E.D. Penn. 1972).

There is no dispute that the amount in controversy exceeds the minimum requirement for diversity jurisdiction and removal was timely filed pursuant to 28 U.S.C. § 1446.  The court will have jurisdiction and removal will be proper if  the parties legally reside in different states and the claims are not intimately related matter previously adjudicated in state court.

The complaint states a claim by Richard Mazur, a resident of Oakland County, Michigan, against the Youngs, residents of Florida. The claim for money damages is based on a contract separate from the land sale contract. *See Ammerman v. Miller*, 488 F.2d 1285, 1293(D.C. Cir. 1973) ("A contract of guaranty is a promise to pay or an assumption of performance of some duty upon failure of another who is primarily obligated in the first instance.") (citing 38 C.J.S. *Guaranty* § 1) (quotation and citation omitted); 38 Am. Jur. 2d *Guaranty* § 2 (2004) ("Because guaranties are separate contracts, collateral to and independent of any underlying agreement, a guarantor's rights and liability arises primarily from the guaranty agreement itself."). The rights asserted in this matter are independent of the right to control, possess, or own the related property and the rights adjudicated in the prior state court foreclosure judgment. *See Memphis Sheraton Corp. v. Kirkley*, 640 F.2d 14, 18 (6th Cir. 1981) (applying Tennessee law, the court held that "[r]ights under a guaranty may exist even when the principal debt is discharged. . . . Here, appellant cannot collect on the promissory note as it has sold it, but the sale of the promissory note left some indebtedness still owing to appellant as it expressly reserved any rights under the guaranty"). Therefore, the nature of the action is not characterized properly as an *in rem* action. Rather, it is a contract action between citizens of different states. The defendants are entitled to the neutral forum of the Federal Court. 15 James Wm. Moore *et. al.*, Moore's Federal Practice § 102.03 (3d ed. 2004) (discussing the modern justification for federal diversity jurisdiction).

Accordingly, it is **ORDERED** that the plaintiff's motion to remand [dkt # 7] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 3, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2005.

s/Tracy A. Jacobs