UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD F. MAZUR,

        Plaintiff,

v.                                            Case No: 05-10109-BC
                                            Honorable David M. Lawson

ROI W. YOUNG AND DYAN YOUNG,
jointly and severally,

        Defendants.
_____/

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

On April 17, 2006, the defendants filed a bill of costs. The clerk allowed a tax of $250. The plaintiff has now filed a motion to stay the tax pending his appeal of the Court's entry of judgment in favor of the defendants.

The Rules of Civil Procedure give this Court discretion to "suspend, modify, restore, or grant an injunction during the pendency of the appeal." Fed. R. Civ. P. 62(c). The Court considers the following factors in deciding whether to grant a stay pending appeal: (1) the likelihood of the appellant's success on appeal; (2) whether appellant would be irreparably injured if the stay is denied; (3) whether a stay would substantially harm the opposing party; and (4) the public interest. *Oliver v. Kalamazoo Bd. Ed.*, 548 F. Supp. 646 (W.D. Mich. 1982). The first two factors are the most important. "[I]n order to justify a stay of the district court's ruling, the [Appellant] must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Family Trust Foundation of Kentucky, Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004).

The Court is not persuaded that the defendants are likely to succeed on appeal. The plaintiff

argues that the Court erred in finding that the statute of limitations had run on his claims due to an acceleration clause contained in the guaranty. However, as the Court noted in its opinion granting summary judgment to the defendants, "[a] claim of breach of contract accrues when the promissor fails to perform under the contract." *Cordova Chem. Co. v Dep't of Natural Res.*, 212 Mich. App 144, 153; 536 N.W.2d 860 (1995). There can be no question that Mazur's claim accrued when EBIS defaulted on its monthly land contract payments and the guarantors failed to cure the default. The statute of limitations for this contract claim is six years, Mich. Comp. Laws § 600.5807(8), and more than six years passed between the time when the plaintiff's claim accrued and when he filed this suit.

Even if the Court believed there were some question as to whether the statute of limitations had run on the plaintiff's claims, the plaintiff's claims are still barred because he chose to proceed against the land contract vendee by way of forfeiture. In doing so, the plaintiff elected a remedy that barred the present suit. The plaintiff's motion makes no argument that this decision was incorrect.

In addition, the plaintiff will not be irreparably injured by a denial of the stay. The amount at issue is $250, a relatively minor sum. In the unlikely event that the plaintiff succeeds on appeal, the Court is confident that he will be able to recover this amount from the defendants. Considering these points, the Court believes that the balance of the factors weighs against a stay.

Accordingly, it is **ORDERED** that the plaintiff's motion for stay pending appeal [dkt # 48] is **DENIED**.

> s/David M. Lawson  
> DAVID M. LAWSON  
> United States District Judge

Dated: May 31, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2006.

<span style="padding-left:2em">s/Tracy A. Jacobs<br>TRACY A. JACOBS</span>